DANIEL W. BAKER & another *vs.* DAVID B. FULLER, JR., administrator.

Waldo. Opinion February 6, 1879.

*Action. Parties. Promise,—personal and representative. Jury. Nonsuit.*

A writ against A, describing him as administrator of B, and commanding the attachment of the property of A, and that he be summoned, etc., is an action against him in his private capacity, and not against the estate of which he is administrator.

And, if he promises the plaintiffs, in his representative capacity, to pay them for their services, provided they would render them, he renders himself personally liable.

Where the evidence is sufficient to authorize a jury to find such a promise in his own right, a nonsuit cannot be ordered.

ON EXCEPTIONS.

ASSUMPSIT,—one count upon the following account annexed :

David B. Fuller, Jr., administrator of the estate of David B. Fuller, late, etc., to Daniel W. Baker and Fred Thornton, Dr.

To carrying the U. S. mail from Palermo post office
    in China to Belfast, and back to China, for the
    quarter ending March 31, 1874,                $200
To same for quarter ending June 30, 1877,          200
                                              —
                                        $400

And a second count as follows : " And, also, for that, whereas, the said David B. Fuller, in his life time, entered into a contract with the plaintiffs and David F. Sanborn and William B. Baker, then both of . . to carry the United States mail from Augusta to Belfast and back to Augusta, for four years, ending on the thirtieth day of June, A. D. 1877, for the sum of twelve hundred and fifty dollars a year ; that, subsequently, the said plaintiffs entered into an arrangement with the said David F. Sanborn and William B. Baker, by which the said plaintiffs were to carry the said United States mail from Palermo post office to Belfast and back to said Palermo post office, as their part of the contract

above mentioned, for the sum of eight hundred dollars a year, which said agreement and arrangement last above mentioned was well known to the late David B. Fuller in his life time, and which said arrangement he agreed to and ratified, and promised the said plaintiffs for carrying the said mail from said Palermo post office to Belfast and back to Palermo post office again, as their part of the contract first above mentioned, the sum of eight hundred dollars a year, to be paid in quarterly payments of two hundred dollars each quarter, and which said arrangement between the plaintiffs and said David F. Sanborn and William B. Baker, as above stated, was well known to the said defendant, David B. Fuller, Jr., after his appointment as administrator on the estate of D. B. Fuller, deceased, and which he, in his said capacity of administrator, ratified and agreed to, and, in his capacity as administrator aforesaid, promised said plaintiffs to pay them the sum of eight hundred dollars a year, to be paid in quarterly payments of two hundred dollars each quarter, from the date of the death of his intestate, which occurred on the——day of————, A. D.——; and said plaintiffs aver that they faithfully performed their part of said contract according to said arrangement to the end of said term, to wit : to the thirtieth day of June, A. D. 1877 ; that they have been fully paid for all said service, except for the quarter ending March 31, 1874, and also for the quarter ending June 30, 1877, for which quarters there remains due to them the sum of four hundred dollars, and which sum the said plaintiff, in his said capacity as administrator, in consideration of said service, promised the plaintiffs to pay them as above specified, yet," etc.

The writ orders the officer " to attach the goods and estate of David B. Fuller, Jr., administrator of the estate of David B. Fuller, late of," etc., and closes, " yet, though often requested, the said defendant the same has not paid, but neglects," etc.

Plea, general issue, with brief statement denying any contract between defendant's intestate in his life time and the United States, or with the plaintiff, or by himself in his capacity as administrator ; and that, if it were so, such contract was not in writing, and therefore void.

The facts are sufficiently stated in the opinion. The presiding

justice ruled that the action could not be maintained and ordered a nonsuit; and the plaintiff alleged exceptions.

*J. W. Knowlton*, for the plaintiff.

*W. P. Thompson*, for the defendant.

The action is properly against defendant as administrator, and a judgment against the goods and estate of his intestate would be good. *Piper* v. *Goodwin*, 23 Maine, 251.

An administrator cannot create a debt against the estate of his intestate. *Davis* v. *French*, 20 Maine, 21. And to hold him individually to pay the debt of another, or the debt of his intestate, the promise must be in writing. R. S., c. 111, § 1, spec. 2. *Walker* v. *Patterson*, 36 Maine 273.

LIBBEY, J. This action is against the defendant in his private capacity, and not against the estate of which he is administrator.

The evidence introduced by the plaintiffs tends to prove the following facts: D. B. Fuller, the defendant's intestate, contracted with the United States to carry the mail from Augusta to Belfast from July 1, 1873, to June 30, 1877. He afterwards made a parol contract with the plaintiffs to carry it over a part of said route, from Palermo to Belfast, during the time covered by his contract, for $800 per year, to be paid quarterly. He died in the summer of 1874. The defendant, after his appointment as administrator, requested the plaintiffs to continue to carry it as they had agreed to do with his intestate, and agreed to pay them therefor the same sum and in the same manner that he was to pay them. The plaintiffs performed the services as agreed on their part, and the defendant paid them in full therefor, excepting for the last quarter, ending June 30, 1877.

It is claimed by the defendant that his promise was to pay the debt of another, and not being in writing, is within the statute of frauds, and void. If it was to pay a debt against the estate of his intestate, it is not binding upon him. Was it to pay the debt of the estate? The contract between the plaintiffs and the defendant's intestate was for services not to be performed within a year. If it was not in writing, as the evidence tends to prove, it was within the statute of frauds, and could not be enforced. The

plaintiffs might maintain an action against his estate for services rendered under it prior to his death, but not for services rendered after it. His death put an end to the employment. The defendant could not create a legal liability against the estate by any undertaking on his part in his capacity as administrator. *Davis* v. *French*, 20 Maine, 21. *Baker* v. *Moor*, 63 Maine, 443.

There was, then, no debt against the estate which he represented, to which his promise was collateral. If he promised the plaintiffs, in his representative capacity, to pay them for their services if they would render them, inasmuch as he could not thereby create a legal liability against the estate, he rendered himself personally liable. *Davis* v. *French, supra.*

We think the evidence is sufficient to authorize the jury to find a promise by the defendant, in his own right, to pay the plaintiffs for their services.

*Exceptions sustained.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.